IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LATRICE SALVADOR,<br><br>   Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:23-cv-585-SDJ-KPJ |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Target Corporation's ("Target") Motion to Dismiss Plaintiff's Amended Petition (the "Motion to Dismiss") (Dkt. 9) and Plaintiff Latrice Salvador's ("Plaintiff") Motion to Remand (the "Motion to Remand") (Dkt. 7), to which Target filed a response (Dkt. 10). For the following reasons, the Court recommends that the Motion to Dismiss (Dkt. 9) and Motion to Remand (Dkt. 7) be **DENIED**.

**I.   BACKGROUND**

On May 19, 2023, Plaintiff, proceeding *pro se*, filed the Original Petition (Dkt. 4) in the 16th Judicial District Court, Denton County, Texas. *See* Dkt. 4. In the Original Petition (Dkt. 4), Plaintiff alleges that, after she requested a Target employee to unlock a display case containing headphones, the employee refused to do so. *See id.* at 2. Plaintiff alleges that she inquired as to the reason for the Target employee's refusal; however, she received no response. *See id*. Plaintiff alleges that she requested a manager, who unlocked the display case and gave Plaintiff a discount on the headphones. *See id*. Plaintiff contends that Target unlawfully engaged in racial

discrimination, thereby entitling her to $100,000 in damages. *See id.* at 1. However, Plaintiff makes no reference to the law entitling her to relief. *See generally id.*

On June 22, 2023, Target removed this action to federal court on the basis of diversity jurisdiction. Dkt. 1 at 2. That same day, Target filed a Motion for a More Definite Statement (the "First Motion for a More Definite Statement") (Dkt. 2), wherein it contends that "Plaintiff's Original Petition . . . is so vague that [Target] is unable to prepare a response." Dkt. 2 at 1. As such, Target "requests the [C]ourt order Plaintiff to clearly plead the date of the occurrence, the elements of her claim[,] and [a] plausible factual basis for [it]." *Id.* at 2. On July 7, 2023, the Court ordered Plaintiff to respond. *See* Dkt. 5.

On July 21, 2023, rather than filing a response to the First Motion for a More Definite Statement (Dkt. 2), Plaintiff filed an Amended Petition (Dkt. 6), wherein Plaintiff restates the facts of the Original Petition (Dkt. 4) without significant modification. *Compare* Dkt. 4 at 1–2, *with* Dkt. 6 at 2. However, Plaintiff adds Defendants "John Doe #1" and "John Doe #2" (collectively, the "Unnamed Defendants"), employees of Target, and alleges a "racial profiling" claim against them citing "the Civil Rights Act of 1964." *Id.* at 1, 3. Plaintiff further joins her husband, Teniola Salvador, as a Plaintiff in this action. *Id.* at 1. That same day, Plaintiff filed a Motion to Remand (Dkt. 7), wherein she argues that, because the Unnamed Defendants are citizens of Texas, "[t]here is no diversity jurisdiction" and this action must be remanded. Dkt. 7 at 1. In its response (Dkt. 10), Target asserts that Plaintiff added the Unnamed Defendants "in an effort to defeat diversity jurisdiction" and, as such, the Court should disallow the joinder. Dkt. 10 at 1–2.

On August 2, 2023, Target filed the Motion to Dismiss (Dkt. 9), wherein Target contends the Court should Dismiss the Amended Petition (Dkt. 6) as filed "late, without leave of court[,] and without justification." Dkt. 9 at 3.[1]

## II.   LEGAL ANALYSIS

### A.   Motion to Dismiss (Dkt. 9)

In the Motion to Dismiss (Dkt. 9), Target contends that the Amended Petition (Dkt. 6) should be dismissed because it "was filed late and without leave of court." *See* Dkt. 9 at 1. Plaintiff did not respond.

Under Rule 15 of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course." FED. R. CIV. P. 15(a)(1). However, "if the pleading is one to which a responsive pleading is required," the amendment must be made no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B).

Target filed the First Motion for a More Definite Statement (Dkt. 2) under Rule 12(e) on June 22, 2023. Accordingly, Rule 15 permitted Plaintiff to file an amended pleading as a matter of course twenty-one days after service of the First Motion for a More Definite Statement (Dkt. 2)—July 13, 2023. FED. R. CIV. P. 15(a)(1)(B). However, on July 7, 2023, the Court provided Plaintiff fourteen days to respond to the First Motion for a More Definite Statement (Dkt. 2). *See* Dkt. 5; *see also* FED. R. CIV. P. 6(b)(1)(A). Fourteen days later, on July 24, 2023, Plaintiff filed the Amended Petition (Dkt. 6).

Target contends that the Amended Petition (Dkt. 6) was not timely because it was filed more than twenty-one days after service of the First Motion for a More Definite Statement (Dkt. 2).

---

[1] On August 2, 2023, Target also filed a Second Motion for a More Definite Statement (Dkt. 11), which will be considered in a subsequent order.

*See* Dkt. 9 at 1–2. But the Court may extend many deadlines, FED. R. CIV. P. 6(b)(1), and it did so here. *See* Dkt. 5. The Court's July 7, 2023 Order (Dkt. 5) provided Plaintiff an additional fourteen days to file a response to the First Motion for a More Definite Statement (Dkt. 2). *See id.* One permissible response to a motion for a more definite statement is to amend the purportedly defective pleading. *See* FED. R. CIV. P. 15 advisory committee's note to 2009 amendment ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings."); *cf. N.Y. Life Ins. Co. v. Grant*, 57 F. Supp. 3d 1401, 1408–09 (M.D. Ga. 2014) (finding an extension of time to respond to a motion to dismiss also extended the time to file an amended pleading). Therefore, by extending the time for Plaintiff to file a response to the First Motion for a More Definite Statement (Dkt. 2), the Court also extended the time for Plaintiff to file an amended pleading as a matter of course. As Plaintiff filed the Amended Petition (Dkt. 6) within the fourteen days prescribed by the Court, Dkt. 5, it is timely. Thus, the Motion to Dismiss (Dkt. 9) should be denied, and the Amended Petition (Dkt. 6) should be deemed the live pleading in this matter.

**B.     Motion to Remand (Dkt. 7)**

In the Motion to Remand (Dkt. 7), Plaintiff argues that, in light of the addition of the Unnamed Defendants in the Amended Petition (Dkt. 6), the Court no longer has diversity jurisdiction. *See* Dkt. 7 at 1. Accordingly, Plaintiff concludes that the case should be remanded. *Id.* In its response (Dkt. 10), Target contends that Plaintiff joined the non-diverse parties "in an effort to defeat diversity jurisdiction" and, therefore, joinder should be denied. Dkt. 10 at 1–2. The parties are correct that the Amended Petition (Dkt. 6) destroys diversity jurisdiction. But they both appear to ignore the presence of federal question jurisdiction.

In the Amended Petition (Dkt. 6), Plaintiff asserts claims under "the Civil Rights Act of 1964"—a federal statute. Dkt. 6 at 3. As "[a] suit arises under the law that creates the cause of action," the Court has federal question jurisdiction. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 & n.8 (2012) ("[T]here is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction[.]'" (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005))). Thus, the Motion to Remand (Dkt. 7) should be denied.

## III.    RECOMMENDATION

For the foregoing reasons, the Court recommends that the Motion to Dismiss (Dkt. 9) be **DENIED**, and the Amended Petition (Dkt. 6) be deemed the live pleading in this matter.

The Court further recommends that the Motion to Remand (Dkt. 7) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 6th day of November, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE