IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LATRICE SALVADOR and TENIOLA SALVADOR,** | § § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **Civil Action No. 4:23-cv-585-SDJ-KPJ** |
| **TARGET CORPORATION,** *et al.*, | § § § § | |
| **Defendants.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court are Defendant Target Corporation's ("Target") Motion for a More Definite Statement (the "First Motion") (Dkt. 2) and Second Motion for a More Definite Statement (the "Second Motion") (Dkt. 11). For the reasons that follow, the First Motion (Dkt. 2) is **DENIED AS MOOT**, and the Second Motion (Dkt. 11) is **DENIED**.[1]

I.      BACKGROUND

On May 19, 2023, Plaintiff Latrice Salvador ("Plaintiff"), proceeding *pro se*, filed the Original Petition (Dkt. 4) in the 16th Judicial District Court, Denton County, Texas. *See* Dkt. 4. In the Original Petition (Dkt. 4), Plaintiff alleges that, after she requested a Target employee to unlock a display case containing headphones, the employee refused to do so. *See id.* at 2. Plaintiff alleges that she inquired as to the reason for the Target employee's refusal; however, she received no response. *See id.* Plaintiff alleges that she requested a manager, who unlocked the display case and gave Plaintiff a discount on the headphones. *See id.* Plaintiff contends that Target unlawfully

---

[1] As a non-dispositive pretrial matter, a magistrate judge may hear and determine a motion for a more definite statement. *See, e.g.*, *Rountree v. Fed. Express Dall.*, No. 23-cv-1089, 2023 WL 4533929, at *1 (N.D. Tex. July 12, 2023).

engaged in racial discrimination, thereby entitling her to $100,000.00 in damages. *See id.* at 1.

However, Plaintiff makes no reference to the law entitling her to relief. *See generally id.*

On June 22, 2023, Target removed this action to federal court on the basis of diversity

jurisdiction. Dkt. 1 at 2. That same day, Target filed the First Motion (Dkt. 2), wherein it contends

that "Plaintiff's Original Petition . . . is so vague that [Target] is unable to prepare a response."

Dkt. 2 at 1. As such, Target "requests the [C]ourt order Plaintiff to clearly plead the date of the

occurrence, the elements of her claim[,] and [a] plausible factual basis for [it]." *Id.* at 2. On July 7,

2023, the Court ordered Plaintiff to respond. *See* Dkt. 5.

On July 21, 2023, Plaintiff filed an Amended Petition (Dkt. 6), wherein she restates the

facts of the Original Petition (Dkt. 4) without significant modification. *Compare* Dkt. 4 at 1–2,

*with* Dkt. 6 at 2. However, Plaintiff adds Defendants "John Doe #1" and "John Doe #2" (the

"Unnamed Defendants"), employees of Target, and alleges a "racial profiling" claim against them.

*Id.* at 1, 3. Plaintiff further joins her husband, Teniola Salvador, as a Plaintiff in this action

(collectively, "Plaintiffs"). *Id.* at 1. That same day, Plaintiff filed the Motion to Remand (Dkt. 7).

On August 2, 2023, Target filed the Motion to Dismiss Plaintiffs' Amended Petition (the "Motion

to Dismiss") (Dkt. 9). Also on August 2, 2023, Target filed the Second Motion (Dkt. 11), wherein

it argues that, if the Court was to consider the Amended Petition (Dkt. 6) as the live pleading, it

"fails to provide plausible factual allegations concerning all material elements of the claim[,] fails

to plead facts that [Target] subjected Plaintiffs to discrimination[,] and fails to provide allegations

supporting an inference of more than the mere possibility of misconduct." Dkt. 11 at 2.

On November 6, 2023, the Court issued a Report and Recommendation (Dkt. 13), which

recommended that the Motion to Remand (Dkt. 7) and Motion to Dismiss (Dkt. 9) be denied. *See*

Dkt. 13 at 5. On January 31, 2024, a Memorandum Adopting the Report and Recommendation

(Dkt. 15) was issued, which denied both motions. *See* Dkt. 15 at 1. Therefore, the Amended Petition (Dkt. 6) is now the live pleading in this matter, and the First Motion (Dkt. 2)—directed at the Original Petition (Dkt. 4)—is **DENIED AS MOOT**.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a pleading to comply with Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* But "a motion for [a] more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (citation omitted).

## III.     ANALYSIS

The Second Motion (Dkt. 11) challenges the sufficiency of the Amended Petition (Dkt. 6)—the live pleading. *See* Dkts. 13 at 5; 15 at 1. In the Second Motion (Dkt. 2), Target contends that the Amended Petition (Dkt. 6) is insufficient to sustain a claim of racial discrimination. Specifically, Target argues that the Amended Petition (Dkt. 6) is "so vague that i[t] does not provide fair notice of the nature and basis of Plaintiffs' claims showing [they] are entitled

to relief." Dkt. 11 at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, Target

contends that the Amended Petition (Dkt. 6) "fails to provide plausible factual allegations

concerning all material elements of the claim[,] fails to plead facts that [Target] subjected Plaintiffs

to discrimination[,] and fails to provide allegations supported an inference of more than the mere

possibility of misconduct." *Id.* Although this may be true, it does not provide grounds to order a

more definite statement. Relief under Rule 12(e) is reserved for a pleading that is "so vague or

ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such a

motion is "disfavored" and only available when the challenged pleading is "unintelligible." *See*

*Davenport*, 147 F. Supp. 2d at 639. In the present case, Plaintiffs' factual allegations are not

unintelligible—they are clear. Plaintiffs alleges that they were subjected to racial discrimination

by Target employees who refused to unlock a display case containing headphones. *See* Dkt. 6 at 1–

2. While these allegations may prove insufficient to survive a motion to dismiss for failure to state

a claim, *see* FED. R. CIV. P. 12(b)(6), they are neither ambiguous nor unintelligible. Therefore, the

Second Motion (Dkt. 11) is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, the First Motion (Dkt. 2) is **DENIED AS MOOT**, and the

Second Motion (Dkt. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall identify and serve the Unnamed

Defendants by **March 1, 2024**.[2]

---

[2] Generally, "adding a new party through an amended complaint initiates a new timetable for service upon the added
defendant." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed.
2023). Plaintiffs filed the Amended Petition (Dkt. 6) on July 21, 2023—nearly six months ago—and have not yet
served the Unnamed Defendants. Furthermore, the Rule 4(m) period was not tolled by the pending Motion to Dismiss
(Dkt. 9). *Cf. Lorentzen v. Honeywell Heating*, 120 F.R.D. 681, 686 (N.D. Ill. 1988) (holding a pending motion to
vacate the dismissal of the plaintiffs' lawsuit did not toll the period to serve the defendants). However, given the
uncertainty regarding the dismissal of the Amended Petition (Dkt. 6), the Court finds good cause to extend the
deadline. *See* FED. R. CIV. P. 4(m); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) (finding courts
have the "discretion" to extend the Rule 4(m) period, "even if there is no good cause shown").

**So ORDERED and SIGNED this 2nd day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE