IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LATRICE SALVADOR and TENIOLA SALVADOR, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:23-cv-585-SDJ-KPJ |
| TARGET CORPORATION, *et al.*, | § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Target Corporation's ("Target") 12(b)(6) Motion to Dismiss (the "Second Motion to Dismiss") (Dkt. 18). Plaintiffs did not file a response. For the reasons that follow, the Court recommends that the Second Motion to Dismiss (Dkt. 18) be **GRANTED**.

### I. BACKGROUND

On May 19, 2023, Plaintiff Latrice Salvador ("Plaintiff"), proceeding *pro se*, filed the Original Petition (Dkt. 4) in the 16th Judicial District Court, Denton County, Texas. *See* Dkts. 1 at 1; 4. In the Original Petition (Dkt. 4), Plaintiff alleged that she entered into a Target storefront and asked an employee to unlock a display case containing headphones. *See* Dkt. 4 at 1–2. However, that employee "refused" to unlock the display case. *Id.* at 2. When Plaintiff inquired why she could not "see the box outside of its casing," she received no response from the Target employee. *Id.* Thereafter, Plaintiff alleges that she "requested a manager to assist with the matter," who ultimately gave her a discount on the headphones "due to the incident." *Id.* Based on these

factual allegations, Plaintiff asserted a claim of "discrimination" and sought $100,000.00 in damages, but she made no reference to the law entitling her to such relief. *See id.* at 1–2.

On June 22, 2023, Target removed this action to federal court on the basis of diversity jurisdiction. Dkt. 1 at 1. That same day, Target filed the Motion for a More Definite Statement (the "First Motion for a More Definite Statement") (Dkt. 2) requesting that Plaintiff be required to "clearly plead the date of the occurrence, the elements of her claim[,] and the plausible factual basis for [it]." Dkt. 2 at 2. On July 7, 2023, the Court ordered Plaintiff to file a response, if any, to the First Motion for a More Definite Statement (Dkt. 2). Dkt. 5. The Court also warned Plaintiff that, under the Local Rules, "A party's failure to oppose a motion in the manner prescribed . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." *Id.* (internal quotation marks omitted) (omission in original).

On July 21, 2023, Plaintiff, still proceeding *pro se*, filed the Amended Petition (Dkt. 6), wherein she joined Plaintiff Teniola Salvador (together with Plaintiff, "Plaintiffs"), her husband, as well as Defendants "John Doe #1" and "John Doe #2" (the "Unknown Defendants" and, together with Target, "Defendants"), employees of target. *See* Dkt. 6 at 1. According to Plaintiffs, the Unknown Defendants are both Texas residents. *Id.* In the Amended Petition (Dkt. 6), Plaintiffs allege the following facts in support of their discrimination claim against Defendants:

> On or about December 24, 2022, Latrice Salvador and Teniola Salvador (Husband & Wife) entered the Target location located at 3201 Preston Rd 75034. Teniola Salvador & Latrice Salvador entered as both business invitees. Their intention was to complete their Christmas shopping for their 4 children. Latrice Salvador located one of the items that her son had requested, which were headphones (Beats by Dre). Latrice Salvador requested assistance from the sales associate and was advised that she was only able to view the merchandise from the glass cabinet. Latrice Salvador explained that she would need to compare prices of the other headphones also listed in the cabinet, the request was denied. Latrice Salvador requested to have a manager immediately. The manager came to the electronics department and after the

2

> situation was explained, the products were taken from the glass cabinet for review, a discount was taken from the listed price, and the purchase was completed.
>
> Discrimination and violation of civil rights were established by Target Corporation, John Doe #1, and John Doe #2 for racially profiling Latrice and Teniola Salvador for being African American.

*Id.* at 2 (cleaned up). Furthermore, unlike the Original Petition (Dkt. 4), Plaintiffs assert that their discrimination claim arises under "the Civil Rights Act of 1964." *Id.* at 3. Based on the alleged discrimination, Plaintiffs seek $100,000.00 in damages. *Id.*

The same day Plaintiffs filed the Amended Petition (Dkt. 6), they also filed the Motion to Remand (Dkt. 7) on the basis that the Unknown Defendants, just like Plaintiffs, are citizens of Texas—thereby destroying diversity jurisdiction. *See* Dkt. 7 at 1. On August 2, 2023, Target filed the Motion to Dismiss Plaintiffs' Amended Petition (the "First Motion to Dismiss") (Dkt. 9), wherein Target argued that the Amended Petition (Dkt. 6) was impermissibly filed without the Court's leave. *See* Dkt. 9 at 1–2. Target also filed the Second Motion for a More Definite Statement (Dkt. 11) and, once again, requested that Plaintiffs be required to file a more definite statement because the Amended Petition (Dkt. 6) "is so vague that [Target] is unable to prepare a response." Dkt. 11 at 2.

On November 6, 2023, the Court recommended that the Motion to Remand (Dkt. 7) be denied because, even with the addition of the Unnamed Defendants, the Court clearly has federal question jurisdiction over this matter. *See* Dkt. 13 at 4–5. The Court further recommended that the First Motion to Dismiss (Dkt. 9) be denied because the Amended Petition (Dkt. 6) was filed pursuant to an order extending the deadline to file an amended pleading. *See id.* at 3–4. On January 31, 2024, the District Judge adopted the Court's recommendation and denied the Motion to Remand (Dkt. 7) and the First Motion to Dismiss (Dkt. 9). Dkt. 15 at 1. On February 2, 2024, the Court denied the First Motion for a More Definite Statement (Dkt. 2) as moot. Dkt. 16 at 4.

Furthermore, the Court denied the Second Motion for a More Definite Statement (Dkt. 11) because the factual allegations contained in the Amended Petition (Dkt. 6) "are neither ambiguous nor unintelligible." *Id.* On February 28, 2024, Target filed the Second Motion to Dismiss (Dkt. 18) presently pending before the Court. *See* Dkt. 18. Plaintiffs did not file a response despite the Court's prior warning that the failure to do so "creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." *See* Dkt. 5.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "not bound to accept as true 'a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as*

*revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.   ANALYSIS

In the Second Motion to Dismiss (Dkt. 18), Target construes Plaintiffs' discrimination claim as arising under 42 U.S.C. § 1981 ("§ 1981") and makes three distinct arguments for dismissal. *See* Dkt. 18 at 2–4. Specifically, Target argues: (1) Plaintiffs fail to allege that they are members of a racial minority group; (2) Plaintiffs fail to allege that Target intended to discriminate against them based on their race; and (3) Plaintiffs fail to allege that any discrimination related to an enumerated activity. *See id.* The Court agrees with Target's construal of Plaintiffs' claim,[1] and agrees in part with its grounds for dismissal.

---

[1] The only other possible construal is that Plaintiffs' discrimination claim arises under Title II of the Civil Rights Act of 1964 ("Title II"). However, it would be impossible for Plaintiffs to succeed on such a claim. Title II provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). Retail establishments, like Target, are plainly not places of public accommodation. *See, e.g.*, *Hoang v. Best Buy Stores, L.P.*, No. 20-86, 2021 WL 1967513, at *3 (E.D. La. May 14, 2021) (citing *Brackens v. Big Lots, Inc.*, No. 06-ca-532, 2007 WL 208750, at *2 (W.D. Tex. Jan. 24, 2007)). In any event, Plaintiffs seek monetary damages of 100,000.00, and Title II "allows only for prospective relief and does not authorize damage awards." *Bass*

To successfully state a claim under § 1981, a plaintiff must allege that "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *See Pullins v. Hancock Whitney Bank*, 512 F. Supp. 3d 647, 657 (M.D. La. 2021) (quoting *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)).

### A.   Member of Racial Minority

Target argues that Plaintiffs fail to "establish in the pleading that they are members of a minority race." Dkt. 18 at 2. The Court disagrees. Plaintiffs allege that Target discriminated against them "for being African American," and that they were "treated unfairly due to their race and the color of their skin." Dkt. 6 at 2. Accepting this factual assertion as true—as the Court must at this juncture—Plaintiffs have plausibly alleged that they, as African Americans, are members of a racial minority group. *See, e.g.*, *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

### B.   Discriminatory Intent

Target argues that "[t]here are no facts pled that indicate there was any intent by Target to discriminate against Plaintiffs." Dkt. 18 at 2. The Court agrees.

"To allege intentional discrimination, the plaintiff must allege facts that could show the defendant's interference with the plaintiff's rights was racially motivated." *Maldonado v. FirstService Residential, Inc.*, No. 20-1484, 2021 WL 2517542, at *5 (S.D. Tex. June 18, 2021). "Although 'naked allegations' of discriminatory intent are too conclusory to survive a motion to

---

*v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999) (first citing 42 U.S.C. § 2000a-3; and then citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400 (1968)).

The Court also notes that, whether Plaintiffs' discrimination claim is construed under § 1981 or § 1982 is immaterial because these statutes are "generally construed in tandem." *See, e.g.*, *Williams v. Dillard's Dep't Stores, Inc.*, 211 F. App'x 327, 329 (5th Cir. 2006) (internal quotation marks omitted) (citation omitted).

dismiss, discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence." *Body by Cook, Inc.*, 869 F.3d at 386 (cleaned up); *cf. Cadle Co. v. Schultz*, 779 F. Supp. 392, 396 (N.D. Tex. 1991) ("[I]f the information surrounding the allegations is peculiarly within the knowledge of the defendant, less detail is required in the complaint." (citations omitted)). Usually, the plaintiff alleges discriminatory intent by pointing to "similarly situated non-minorities" who "received better treatment," *Body by Cook, Inc.*, 869 F.3d at 386 (citing *Crosby v. Kilgore*, No. 93-7354, 1993 WL 481800, at *1 (5th Cir. Nov. 12, 1993)), but discriminatory intent may also be demonstrated by allegations of "overt acts coupled with racial remarks." *Maldonado*, 2021 WL 2517542, at *6 (citation omitted).

In the present case, Plaintiffs allege that they were "only able to view the merchandise from the glass cabinet." Dkt. 6 at 2. Plaintiffs then conclude, without any factual enhancement, that they were racially profiled and discriminated against "for being African American." *Id.* Such a naked assertion is definitionally deficient. *Body by Cook, Inc.*, 869 F.3d at 386. Furthermore, Plaintiffs do not even attempt to allege circumstantial evidence demonstrating Target's discriminatory intent. Even if Plaintiffs were to allege such facts, those facts cannot be conclusory or subjective. *See Spann v. JPMorgan Chase Bank, N.A.*, No. 21-1643, 2022 WL 2177438, at *7 (E.D. La. June 16, 2022). For these reasons, Plaintiffs' discrimination claim should be dismissed.

### C. Enumerated Activity

Target argues that § 1981 only "prohibits intentional race discrimination with respect to certain enumerated activities," including "the making and enforcement of contracts." Dkt. 18 at 4. Because the contractual agreement at issue here (the purchase of headphones) culminated in a sale of those headphones to Plaintiffs, Target concludes that Plaintiffs fail to state a claim of discrimination. *Id.* The Court agrees with Target.

As Target correctly asserts, § 1981 "does not provide a general cause of action for race discrimination" and, instead, "prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (citations omitted). Specifically, § 1981 provides, *inter alia*, that all persons have the right "to make and enforce contracts," which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)–(b). In the "retail context," the plaintiff "'must offer evidence of some tangible attempt to contract' that in some way was 'thwarted' by the defendant." *Arguello*, 330 F.3d at 358 (quoting *Morris*, 277 F.3d at 752). In other words, "the plaintiff must be actually prevented, not merely deterred, from making a purchase." *Singleton v. St. Charles Par. Sheriff's Dep't*, 306 F. App'x 195, 198 (5th Cir. 2009) (citing *Morris*, 277 F.3d at 752).

In the present case, Plaintiffs allege that they entered Target "to complete their Christmas shopping," which included the purchase of "headphones" for their son. Dkt. 6 at 2. However, a Target employee only permitted them "to view the merchandise from the glass cabinet." *Id.* Thereafter, a manager arrived, discounted the headphones, "and the purchase was completed." *Id.* In other words, Plaintiffs were not prevented from making the purchase of the headphones and, thus, fail to state a discrimination claim. *See, e.g.*, *Singleton*, 306 F. App'x at 198 (holding that "the plaintiff must be actually prevented, not merely deterred, from making a purchase" (citing *Morris*, 277 F.3d at 752)); *McNulty v. J.C. Penney Co.*, 305 F. App'x 212, 218 (5th Cir. 2008) ("[The plaintiff] claims that the actions of [the defendant] and its employees—specifically their stop and search of her—were racially motivated and violated § 1981. However, her claim fails, because she successfully completed the purchase transaction." (citing *Arguello*, 330 F.3d at 359)); *Lowe v. Wal-Mart Stores, Inc.*, No. 16-cv-2017, 2017 WL 1102806, at *3 (N.D. Tex. Feb. 21,

8

2017) ("[The] [p]laintiffs completed their purchase, which is the basis of the contract in question, so their [§] 1981 claim should be dismissed." (citing *Arguello*, 330 F.3d at 359)), *R. & R. adopted*, 2017 WL 1091652 (N.D. Tex. Mar. 23, 2017). Therefore, Plaintiffs' discrimination claim should be dismissed.

**D.    Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded [her] 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds that permitting Plaintiffs leave to amend is not warranted. Plaintiff has already amended the pleading in response to the First Motion for a More Definite Statement (Dkt. 2). Furthermore, despite the Court previously warning Plaintiff of the consequences for failing to respond to a motion, *see* Dkt. 5, Plaintiffs did not file a response to the Second Motion to Dismiss (Dkt. 18). Nor did Plaintiffs request leave to amend to cure the deficiencies identified by Target. Based on these failures, the Court concludes that Plaintiffs have already pleaded their best case and, thus, leave to amend is unnecessary. *See Willis v. Villa Piana Corp.*, No. 22-cv-2468, 2023 WL 6219401, at *6 (N.D. Tex. Aug. 28, 2023) ("And when a

9

plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case." (citing *Lee v. BONY*, No. 13-cv-1033, 2013 WL 4603584, at *4 (N.D. Tex. Aug. 9, 2013), *R. & R. adopted*, 2013 WL 4623608 (N.D. Tex. Aug. 29, 2013). "If Plaintiffs had potentially meritorious arguments, they presumably would have raised them under one of these avenues." *Crucci v. Seterus, Inc.*, No. 13-cv-317, 2013 WL 6146040, at *8 (W.D. Tex. Nov. 21, 2013); *see* LOC. R. CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). Thus, Plaintiffs should not be given leave to file another amended pleading.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends that the Second Motion to Dismiss (Dkt. 18) be **GRANTED**, and Plaintiffs' discrimination claim against Target be **DISMISSED WITH PREJUDICE**.

Plaintiffs discrimination claim against the Unknown Defendants remains pending.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been

served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 2nd day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE